# Schwarzwaelder, Appellant, *v.* Schwarzwaelder.

*Husband and wife—Suit for loan—Affidavit of defense.*

In an action by a wife against a husband where the plaintiff alleges that she had borrowed the amount in suit on certain shares of stock of a building association which stood in her name, and had given to her husband this sum as a loan, an affidavit is sufficient which alleges that although the stock stood in the name of the wife it really belonged to defendant, that defendant had put it in his wife's name in order that he might save money to make a settlement with his creditors, that the wife had contributed no money towards its purchase, that she held it

as his trustee, and as such had borrowed the money on the stock and paid it over to him. In such a case it is immaterial that the stock may have been put in the wife's name for the purpose of hindering creditors.

Argued April 28, 1914. Appeal, No. 122, April T., 1914, by plaintiff, from order of C. P. Allegheny Co., Oct. T., 1913, No. 1,443, discharging rule for judgment for want of a sufficient affidavit of defense in case of Margaret A. Schwarzwaelder v. Eugene G. Schwarzwaelder. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover an alleged loan.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Morton Hunter*, for appellant.

*Meredith R. Marshall*, with him *Rody P. Marshall*, for appellee.

OPINION BY TREXLER, J., July 15, 1914:

The matter arises upon a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense. The court below discharged the rule.

This is a suit between husband and wife. The latter, the plaintiff, borrowed $500 upon certain shares of stock of the Steuben Building and Loan Association, which stood in her name and the sum so borrowed she says she gave to her husband as a loan. He, in his affidavit of defense, admits that the shares of stock of the building and loan association stood in the name of his wife but states that he was the actual owner of it; that it

had been put in his wife's name in order that he might
save money to make a settlement with his creditors and
that the wife contributed no money toward the purchase
of the stock; that she held it as his trustee and that as
his trustee she made the loan of $500 on the stock and
that he never promised to repay it to her and never owed
it to her.  He further states that from time to time to
keep peace in the family he paid her sums aggregating
more than $500, but that he never owed her that amount.

The latter part of the affidavit is uncertain and gives
no dates or amounts when the $500 was paid.  Some
excuse might be furnished for this by reason of the par-
ties having sustained the marital relation and the de-
fendants' counsel argues that they should not be kept
to the same strict accountability as those who deal at
arm's length.

However this may be we think the affidavit is suffi-
cient to prevent judgment by reason of the averments
as to the ownership of the stock and the way in which
the money was received and paid the defendant.

The plaintiff's counsel wishes us to infer fraud by
reason of the stock having been put in the wife's name
for the purpose of hindering creditors and such being
the case, claims that the defendant cannot take ad-
vantage of his own fraud.  If the husband were suing
for the return of the stock a different proposition might
be presented, but taking the affidavit of defense as
verity, which we must do in the present state of the
case, the wife recognized the ownership of the husband
in the shares of stock, and paid him the $500 which
she borrowed on it and as far as that particular sum is
concerned the transaction is closed.

He is therefore entitled to go to trial and to be af-
forded the opportunity of proving the facts he avers.

Judgment affirmed.